**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------X
                                                    :
MALIBU MEDIA, LLC,                                  :
                                                    :        Case No. 1:16-cv-02470-DLC
                            Plaintiff,              :
                                                    :        Judge Cote
                   vs.                              :
                                                    :
                                                    :
JOHN DOE subscriber assigned IP address             :
66.65.93.20,                                        :
                                                    :
                            Defendant.              :
-----------------------------------------------------------------X
```

## DECLARATION OF PATRICK PAIGE IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE

[Remainder of page intentionally left blank]

## DECLARATION OF PATRICK PAIGE
## IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE

**I, PATRICK PAIGE, DO HEREBY DECLARE:**

1.       I am over the age of eighteen (18) and otherwise competent to make this declaration.   The facts stated in this declaration are based upon my personal knowledge.

2.       From 1989 until 2011 I was employed by the Palm Beach County Sherriff's Department.  For eleven years, from 2000 to 2011, I served as a detective in the computer crimes unit.

3.       As a part of my duties within the computer crimes unit, I investigated cases involving the use of the Internet, including cases involving peer-to-peer file sharing networks.

4.       During the course of my career, I have conducted forensic computer examinations on behalf of the FBI, Florida Department of Law Enforcement, and the U.S. Secret Service.

5.       I have taught over 375 hours of courses instructing various personnel in computer forensics.  I have instructed students from various government branches, including: (a) sheriff's offices; (b) FBI agents; (c) ATF agents; (d) agents from the Central Intelligence Agency, and (e) individuals from other branches of government and the private sector.

6.       After leaving the Palm Beach County Sherriff's office, I founded Computer Forensics, LLC, where I am currently employed.

7.       I have been called to testify as a fact and expert witness on numerous occasions in the field of computer forensics in both trial-level and appellate proceedings before state, federal, and military courts in California, Florida, Indiana, New Jersey, New York, and Pennsylvania.

8.       No court has ever refused to accept my testimony on the basis that I was not an expert in computer forensics.  My skill set and my reputation are my most important assets in my current position with Computer Forensics, LLC.

1 of 3

EXHIBIT B

9.      In my experience, during the initial phase of Internet based investigations, the offender is only known to law enforcement by an IP address.

10.     The only entity able to correlate an IP address to a specific individual at a given date and time is the Internet Service Provider ("ISP").

11.     Once provided with the IP Address, plus the date and time of the detected and documented activity, ISPs can use their subscriber logs to identify the name, address, email address and phone number of the applicable subscriber in control of that IP address at the stipulated date and time.

12.     I was directly involved in approximately 200 search warrants either by way of managing the process or performing it personally.

13.     From my experience, Plaintiff is likely to identify the infringer.  Indeed, I can recall only one instance in all the times that we executed a search warrant and seized computers while at the Computer Crimes Unit where we did not find the alleged illegal activity at the dwelling identified in the search warrant.

14.     The process used by law enforcement mirrors the process used by Malibu Media to correlate an IP address to an individual.

EXHIBIT B

15.     In order to ascertain the identity of the infringer, just as with law enforcement, Malibu Media must subpoena the ISP to learn the subscriber's true identity.

**FURTHER DECLARANT SAYETH NAUGHT.**

**DECLARATION**

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of February, 2015.

**PATRICK PAIGE**

By: _____

EXHIBIT B